**Slip Op. 14- 47**

### UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **ROYAL THAI GOVERNMENT,** | |
| Plaintiff, | |
| **MARINE GOLD PRODUCTS LIMITED, PAKFOOD PUBLIC COMPANY LIMITED, THAI ROYAL FROZEN FOOD CO., LTD., THAI UNION FROZEN PRODUCTS PUBLIC CO., LTD., and THAI UNION SEAFOOD CO., LTD.,** | |
| Plaintiff-Intervenors, | |
| v. | Before: Jane A. Restani, Judge |
| **UNITED STATES,** | Court No. 13-00333 |
| Defendant, | |
| **COALITION OF GULF SHRIMP INDUSTRIES,** | |
| Defendant-Intervenor. | |

### OPINION

[Motions to dismiss complaint challenging Commerce's negative determination in countervailing duty investigation granted.]

Dated: April 23, 2014

Jay C. Campbell and Walter J. Spak, White & Case, LLP, of Washington, DC, for plaintiff.

Robert G. Gosselink and Jonathan M. Freed, Trade Pacific, PLLC, of Washington, DC, for plaintiff-intervenors.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M.

McCarthy, Assistant Director.  Of counsel on the brief was Jessica M. Forton, Attorney, Office
of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of
Washington, DC.

        Elizabeth J. Drake, Terrence P. Stewart, Jennifer M. Smith, and Sandra K.
Jorgensen, Stewart and Stewart, of Washington, DC, and Edward T. Hayes, Leake & Andersson,
LLP, of New Orleans, LA, for defendant-intervenors.

        Restani, Judge: This matter is before the court on two motions to dismiss filed

pursuant to Rule 12(b)(1) of the United States Court of International Trade by defendant United

States and defendant-intervenor Coalition of Gulf Shrimp Industries ("COGSI").  Def.-

Intervenor's Mot. to Dismiss, ECF No. 26; Def.'s Mot. to Dismiss, ECF No. 28.  COGSI and the

United States move to dismiss the complaint filed by plaintiff Royal Thai Government because

plaintiff lacks standing under Article III of the Constitution as there is no live "case or

controversy."  For the reasons set forth below, the motions to dismiss are granted without

prejudice.

## BACKGROUND

        This case concerns a complaint filed by plaintiff challenging the Department of

Commerce's ("Commerce") final negative determination in the countervailing duty ("CVD")

investigation of certain frozen warmwater shrimp from Thailand.  See Certain Frozen

Warmwater Shrimp from Thailand: Final Negative Countervailing Duty Determination, 78 Fed.

Reg. 50,379 (Dep't Commerce Aug. 19, 2013).  In its final determination, Commerce found that

the total net countervailable subsidy rates for all producers were de minimis and thus published a

negative final determination.  Id. at 50,380.  Accordingly, no CVD order issued.[1]  Plaintiff and

---

[1] Because Commerce arrived at a final negative determination, the International Trade
Commission ("ITC") did not issue a final injury determination.  The court notes, however, that
the ITC rendered a final negative injury determination with respect to the imports of the same

(continued...)

plaintiff-intervenors Marine Gold Products Limited, Pakfood Public Company Limited, Thai

Royal Frozen Food Co., Ltd., Thai Union Frozen Products Public Co., Ltd., and Thai Union

Seafood Co., Ltd. (collectively "Thai Union") challenge certain aspects of Commerce's decision

that were "unfavorable" to plaintiff's and Thai Union's positions before the agency.  Pl.'s Resp.

in Opp'n to Mot. to Dismiss, ECF No. 30, 2 ("Pl. Br.").  Plaintiff is also a defendant-intervenor

in the parallel challenge to Commerce's determination brought by COGSI, <u>COGSI v. United

States</u>, Ct. No. 13-00332 (CIT filed Sept. 18, 2013), but in this action, plaintiff bases its

challenges on aspects of the determination that are not raised by COGSI in the parallel case.

Specifically, plaintiff's complaint alleges that the de minimis subsidy rates calculated by

Commerce should have been even lower.  Compl., ECF No. 8, ¶ 10.  Through this action,

plaintiff seeks to offset any increases in the subsidy rates that might result in the event COGSI is

successful in its appeal of Commerce's final negative determination.[2]  Pl. Br. 3.

## JURISDICTION AND STANDARD OF REVIEW

Plaintiff has the burden of establishing that jurisdiction is appropriate.  <u>See</u>

<u>McNutt v. Gen. Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936).  In this case, plaintiff

claims jurisdiction is proper pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I), 1516a(a)(2)(B)(ii)

---

[1](...continued)
products from several other countries.  <u>See</u> <u>Frozen Warmwater Shrimp from China, Ecuador,</u>
<u>India, Malaysia, and Vietnam</u>, 78 Fed. Reg. 64,009 (ITC Oct. 25, 2013).  That determination also
is the subject of a challenge by COGSI in a parallel case.  <u>COGSI v. United States</u>, Ct. No. 13-
00386 (CIT filed Nov. 22, 2013).  The court has stayed consideration of COGSI's appeal of
Commerce's final negative determination in <u>Frozen Warmwater Shrimp from Thailand</u> until the
challenge to the ITC determination in Ct. No. 13-00386 has been resolved.

[2] The parallel case brought by Thai Union raising the same issues will be dismissed
simultaneously with the issuance of this opinion for the same reasons that plaintiff's complaint is
dismissed.

(2012).  The jurisdiction of the federal courts, pursuant to the Constitution, however, is

constrained to those cases which involve "actual cases or controversies."  Simon v. E. Ky.

Welfare Rights Org., 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the

judiciary's proper role in our system of government than the constitutional limitation of

federal-court jurisdiction to actual cases or controversies."); see U.S. Const. art. III, § 2, cl. 1.  A

necessary component of establishing a case or controversy pursuant to Article III is standing.

See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he core component of

standing is an essential and unchanging part of the case-or-controversy requirement of Article

III.").  To establish standing, a plaintiff must show an "injury in fact" that is "concrete and

particularized" as well as "actual or imminent, not conjectural or hypothetical."  Id. (internal

quotation marks omitted).  Additionally, plaintiff must demonstrate that the injury is "fairly

traceable to the challenged action" and that it is "likely, as opposed to merely speculative, that

the injury will be redressed by a favorable decision."  Id. at 560–61 (internal quotation marks

and brackets omitted).

## DISCUSSION

        Both this court and the Court of Appeals for the Federal Circuit have held that

when a respondent challenges an administrative proceeding in which it has prevailed there is no

case or controversy, and thus no jurisdiction lies.  See Rose Bearings Ltd. v. United States, 14

CIT 801, 802–03, 751 F. Supp. 1545, 1546–47 (1990); see also Freeport Minerals Co. v. United

States, 758 F.2d 629, 634 (Fed. Cir. 1985).  Plaintiff alleges that a live case or controversy exists

because it is challenging issues from Commerce's determination on which it did not prevail.  Pl.

Br. 2–5.  Nevertheless, the court has held previously that "a prevailing party may not appeal an

administrative determination merely because it disagrees with some of the findings or

reasoning." Rose Bearings, 14 CIT at 803, 751 F. Supp. at 1547 (internal quotation marks and

brackets omitted).  The lack of a CVD order means that plaintiff is currently not suffering any

actual or imminent injury in fact due to any alleged errors committed by Commerce.  See Lujan,

504 U.S. at 560.  Commerce ended the investigation and no cash deposits are currently due and

no final duties will be assessed for the period of investigation ("POI").  See Pl. Br. 2 n.1.  All

deposits have been or will be returned to the subject producers.  See id.

            Nonetheless, plaintiff alleges that it has standing due to the fact that COGSI has

appealed Commerce's determination.  Pl. Br. 3.  Thus, according to plaintiff, the possibility of an

"affirmative CVD determination" by Commerce after finding a higher subsidy rate as a result of

COGSI's appeal, implicates a justiciable "case or controversy."  Id. at 10.  This, however, falls

short of establishing actual injury in fact, as several hypothetical events would need to occur

before any importers of the Thai goods would be required to post cash deposits or pay

countervailing duties: COGSI would have to succeed in obtaining remand before the court,

Commerce would have to reverse its negative final determination, and the ITC would have to

render an affirmative final determination.  The court has held that when a plaintiff merely alleges

"hypothetical harm," the court must dismiss the case.  See Asahi Seiko Co. v. United States, 755

F. Supp. 2d 1316, 1322 (CIT 2011).  Dismissal here is required as any discussion by the court

regarding such potential harm would be an impermissible advisory opinion.  See Georgetown

Steel Corp. v. United States, 16 CIT 1084, 1087–88, 810 F. Supp. 318, 322 (1992).  If plaintiff

were to prevail on its claims challenging Commerce's determination, and COGSI were to lose on

its claims, no remedy would be available as Commerce's existing negative determination is all

that plaintiff could hope to obtain on appeal.

            Plaintiff also alleges that dismissing its claim while simultaneously allowing

Court No. 13-00333                                                      Page 6

COGSI's appeal to continue "would defy notions of fairness." Pl. Br. 3. Plaintiff's concerns are

misplaced. In the event that COGSI succeeds in its appeal of Commerce's determination,

Commerce will be required to publish a redetermination on remand. If this occurs, plaintiff will

still have a right to challenge that redetermination, either during the course of any remand or in a

new suit, even if this case is dismissed at this juncture. See Rose Bearings, 14 CIT at 803, 751

F. Supp. at 1547. In the event there is an affirmative determination on remand by Commerce

and the ITC also issues an affirmative determination, plaintiff may then file a case within thirty

days of the publication of the resulting CVD order, raising the challenges it now seeks to assert.

See 19 U.S.C. § 1516a(a)(2)(A)(i)(II).

                                        **CONCLUSION**

          As discussed above, plaintiff has failed to establish any live "case or

controversy," and thus defendant United States' and defendant-intervenor COGSI's motions to

dismiss are granted without prejudice. Because the court lacks jurisdiction over plaintiff's

complaint at this juncture, plaintiff's motion to stay is moot. Judgment will issue accordingly.


                                                    /s/ Jane A. Restani
                                                       Jane A. Restani
                                                            Judge


Dated: April 23 , 2014
          New York, New York